1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          CENTRAL DISTRICT OF CALIFORNIA
10
11   ROBERT V. LEON,                    )    NO. CV 07-5091-JVS (AGR)
12              Petitioner,             )
13        v.                            )
14                                      )    ORDER ADOPTING MAGISTRATE
     ROBERT A. HOREL, Warden,           )    JUDGE'S REPORT AND
15                                      )    RECOMMENDATION
                Respondent.             )
16                                      )
17   _____)

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de*
19   *novo*, including the Petition, the Magistrate Judge's Report and
20   Recommendation, the Objections to the Report and Recommendation filed on
21   April 1, 2010, and the records and files.[1]  Based upon the Court's *de novo* review,
22   the Court agrees with the recommendation of the Magistrate Judge.
23        In his Objections, Petitioner raises three new, unexhausted grounds not set
24   forth in the Petition: (1) ineffective assistance of counsel, prosecutorial
25   misconduct, and trial court error in "letting all these lies, inaccura[]cies, etc., etc.
26   occur & not correcting them"; (2) erroneous admission of gang-related evidence;
27
28        [1] Respondent did not file a response to Petitioner's objections.

and (3) ineffective assistance of counsel for failure to hire a gang expert. (Objections at 27, 29-32, 33.)

Federal habeas relief is not available for unexhausted grounds. 28 U.S.C. § 2254(b)(1). Petitioner seeks a stay pending exhaustion in state court. (Objections at 29.) However, an unexhausted claim may be denied on the merits when it is "perfectly clear" that the claim does not raise a colorable federal claim. *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Petitioner's request for a stay is denied.

**A. Failure to Correct Inaccurate Testimony**

To succeed on a claim of ineffective assistance of trial counsel, Petitioner must demonstrate that his attorney's performance was deficient and that the deficiency prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Petitioner bears the burden of establishing both components. *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

"'Judicial scrutiny of counsel's performance must be highly deferential,' and 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009) (citation omitted). A petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "'The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'" *Knowles*, 129 S. Ct. at 1420 (citation omitted).

Prejudice "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838,

122 L. Ed. 2d 180 (1993); *Williams*, 529 U.S. at 393 n.17.  Petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694; *Williams*, 529 U.S. at 391.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  The court need not address both components if Petitioner makes an insufficient showing on one.  *Id.* at 697.

Petitioner has not shown any deficiency.  His counsel made substantially the same arguments, in closing, that Petitioner makes in his objections.  His counsel argued that the witnesses were confused, and that there were material inconsistencies between the testimony of Torres, the coroner, Williams and Briere.  (LD 8 at 1877-78, 1884, 1891-92, 1897.)  Counsel argued Williams was not credible due to his inconsistent statements,[2] prior convictions, daily crack use at the time of the incident, and failure to make a photographic identification.  (*Id.* at 1879-83.)  Counsel pointed out that aspects of Williams' testimony (*i.e.*, Petitioner going to his car and getting a gun, and later hitting the decedent in the head with a gun and firing the gun once or twice at the doorway of Little Pedro's) were uncorroborated by any other witness.  (*Id.* at 1881, 1883.)  Counsel also pointed out the gaps in Willis' testimony, and that his testimony did not support the attempted murder charge.  (*Id.* at 1884-85, 1887.)  Counsel argued the same sequence of events that Petitioner includes in his objections.[3]  (*Id.* at 1888-90,

---

[2] Counsel cross-examined Williams extensively on inconsistent statements.  (LD 8 at 964-72, 988.)

[3] Petitioner also argues that his counsel was deficient for failing to hire an expert to demonstrate the lies and inaccuracies of witnesses.  (Objections at 27.)  However, arguing the evidence is a function of closing argument and is not the province of expert testimony.

3

1892, 1894, 1901-03, 1905.)  To the extent Petitioner raises arguments not made by counsel, those arguments are not supported by the evidence.[4]

Nor has Petitioner shown any prosecutorial misconduct or trial error in allowing the admission of inaccurate testimony or failing to correct inaccurate testimony.  "Deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice.'" *Giglio v. United States*, 405 U.S. 150, 153, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972) (quoting *Mooney v. Holohan*, 294 U.S. 103, 112, 55 S. Ct. 340, 79 L. Ed. 791 (1935)).  "'The same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears.'" *Giglio*, 405 U.S. at 153 (quoting *Napue v. Illinois*, 360 U.S. 264, 269, 79 S. Ct. 1173, 3 L. Ed. 2d 1217 (1959)).  To establish a *Mooney-Napue* violation, a habeas petitioner must show three elements: (1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material.  *Schad v. Ryan*, 595 F.3d 907, 916 (9th Cir. 2010).

Petitioner has not shown that the prosecution knowingly presented false testimony by any witness.  Petitioner's contention appears to be that a witness must be lying if there are perceived inconsistencies between his or her testimony and the testimony of one or more other witnesses.  As the jury was instructed,

---

[4] For example, Petitioner argues that Williams' testimony must be false because Petitioner's blood was not found on the victim.  (Objections at 8-9.)  However, the DNA evidence could not exclude Petitioner as the major source of DNA found on the left shoulder blade portion of the victim's shirt.  (LD 8 at 1466.)  Counsel addressed that evidence in closing.  (*Id.* at 1895-96.)  Petitioner also appears to argue that Torres testified the victim was shot four times in the back while standing.  (Objections at 4.)  However, Torres testified that the victim was standing when hit with the first shot, and fell to the ground after either the first or second shot.  (LD 8 at 823-24.)  Petitioner argues that Williams' reference to the "shorter guy" could not be Petitioner's friend because he is six feet tall.  (Objections at 22.)  However, Williams explained that "[w]hen I say shorter, I mean shorter than the person he was standing next to which was and is the defendant."  (LD 8 at 975, 923, 926, 929.)

4

however, "[t]wo persons witnessing an incident or a transaction often will see or hear it differently." (LD 8 at 1820.) Each witness testified to the portions of the incident he or she saw from his or her vantage point. The jury was able to assess each witness' credibility.

### B. Admission of Gang-Related Evidence

Petitioner argues that the trial court erred in allowing evidence of "gangs & the mexican mafia." (Objections at 29-32.) To the extent Petitioner argues "prejudicial error under state law" (Objections at 32), a claim involving only the application or interpretation of California law is not cognizable on federal habeas review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension.").

Petitioner has not established a federal due process violation. Petitioner argues that the prosecutor should not have been permitted to ask gang-related questions because the prosecution did not charge that Petitioner's crimes were committed for the benefit of a street gang. (Objections at 29.)

Petitioner testified at trial. Petitioner argues that the district attorney's cross-examination of him concerning gangs and the Mexican Mafia was "extremely prejudicial." (*Id.* (citing LD 8 at 1562-63).) On direct examination, Petitioner testified that in 1988 he was convicted of sale of cocaine, that in 1992 he was convicted of two counts of assault with a deadly weapon and one count of shooting at a vehicle, and that in 1993 he was convicted of sale of a controlled substance. (LD 8 at 1488.) In 1996, Petitioner was paroled from state prison. (*Id.*) When he was "first paroled, [he] was still involved in gang activity." (*Id.* at 1489.) However, Petitioner became involved in the "streetlights program," which

1 assists gang members and others by training them to obtain jobs in the
2 entertainment industry.  (*Id.* at 1488-89.)  After the training, Petitioner obtained a
3 job as a production assistant.  (*Id.* at 1489.)  Thus, at some point after 1996 but
4 before the 2001 crimes, Petitioner testified he was no longer an active gang
5 member.  (*See, e.g.. id.* at 1490-96, 1499.)  Petitioner also testified how difficult it
6 was for him "to get out of the gang." (*Id.* at 1550-52.)

7       On cross-examination, the prosecutor asked Petitioner questions about his
8 gang activities.  Petitioner testified he was a "shot caller" for the gang.  (*Id.* at
9 1560.)  The prosecutor asked Petitioner what he had to do to become a shot
10 caller, and Petitioner twice said it "depends."  (*Id.* at 1562.)  In the pages cited by
11 Petitioner in his Objections, the following colloquy took place:

12     Q  Actually in gangs, specifically in Hispanic gangs, sometimes you have
13        to pay taxes in an organization called La Eme or the Mexican Mafia;
14        wouldn't that be true?
15     A  I wouldn't know anything about no Mexican Mafia.
16     Q  You wouldn't?
17     A  No, I wouldn't.
18     Q  Well, what is it exactly that you do know about gangs since you were in
19        one, active and a big shot caller?
20     A  There's various things that you do.  I turned to gangs because that's
21        something that I know, that I associate with, you know.  So respect
22        showed us, you know, if we needed something, they would give it to
23        us.
24     * * *
25     Q  So to be in the gang, respect is a big thing, right?
26     A  Yes.
27 (LD 8 at 1562-63.)
28       Petitioner cannot show that the admission of this evidence violated his

federal constitutional rights. *See Estelle*, 502 U.S. at 68-70. The Supreme Court has held that "when a defendant takes the stand, 'his credibility may be impeached and his testimony assailed like that of any other witness.'" *Portuondo v. Agard*, 529 U.S. 61, 69, 120 S. Ct. 1119, 146 L. Ed. 2d 47 (2000) (citation omitted). He may be cross-examined on matters related to the subject matter of his direct examination. *Jenkins v. Anderson*, 447 U.S. 231, 237, 100 S. Ct. 2124, 65 L. Ed. 2d 86 (1980). "It is also generally recognized that a defendant who takes the stand in his own behalf may be impeached by proof of prior convictions or the like."[5] *Id.* at 237 n.3.

### C. Ineffective Assistance of Counsel Based on Failure to Retain Gang Expert

Petitioner raises a third new ground, namely that his trial counsel was ineffective because he "never hired a gang expert(s) to help me out & prove the crime was not gang related & that I was a former gang member but was not a gang member no more for a great amount of time." (Objections at 33.)

Petitioner's argument has no merit. As Petitioner correctly states, he was not charged with committing the crime to benefit a street gang or being a gang member at the time of the crime. Petitioner's counsel had no reason to hire an expert and therefore could not have been deficient for not having done so. *See Strother v. California*, 2008 WL 4852979, *9 (C.D. Cal. 2008) (counsel is not deficient for failing to hire an expert when "Petitioner has not presented any basis for finding counsel's alleged refusal to hire an expert to have been unreasonable"); *see also Bonin v. Calderon*, 59 F.3d 815, 834 (9th Cir. 1995) (counsel is not required to hire an expert "unless there was something significant and 'objective' to show the jury").

---

[5] Petitioner's citation to *Garcia v. Carey*, 395 F.3d 1099 (9th Cir. 2005), is misplaced. *Garcia* addressed the entirely different question of whether there was sufficient evidence to support a gang sentencing enhancement.

## ORDER

Petitioner's objections are overrruled.

Petitioner's request for an evidentiary hearing (Objections at 34) is denied because he has not shown that a hearing would enable him to prove factual allegations that, if true, would entitle him to federal habeas relief. *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S. Ct. 1933, 167 L. Ed. 2d 836 (2007).

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: June 1, 2010

_____
JAMES V. SELNA
UNITED STATES DISTRICT JUDGE